S98Y1622, S98Y1635. IN THE MATTER OF JAMES E. THOMPSON (two cases).
(508 SE2d 398)

PER CURIAM.

These disciplinary matters are before the Court on the Petition for Voluntary Discipline of the respondent, James E. Thompson. The State Bar and the special master recommend that the Court accept Thompson's petition. Thompson admits violating Standards 22 (b) (lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client); 31 (d) (contingent fee agreements must be in writing); 44 (lawyer shall not wilfully abandon or disregard a legal matter entrusted to him); 61 (lawyer shall promptly notify client of receipt of funds, securities or other properties and promptly deliver same to client); 63 (lawyer shall maintain complete record of all funds, securities and other properties of a client and promptly render appropriate accounts

---

to client); and 65 (D) (no funds shall be withdrawn from trust account for lawyer's personal use except earned attorney's fees) of Bar Rule 4-102 (d) in connection with these two matters. In one, Thompson represented a client in a contingency matter without reducing the agreement to writing and later dismissed the client's suit without prejudice, but without the client's permission and without taking reasonable steps to avoid prejudice to the client. In the other matter, Thompson borrowed for his personal use funds belonging to an estate held by him in a trust account, without proper authorization or authority, while serving as the estate's executor and while acting as attorney for the estate.

Thompson admits that his conduct violated the applicable standards and requests that this Court impose a 90-day suspension from the practice of law as the appropriate sanction in these cases. This Court notes that Thompson has had no prior discipline, he has settled with the estate and its beneficiaries, and that he has cooperated with the disciplinary authorities.

We have reviewed the record and conclude that a 90-day suspension is the appropriate sanction in these cases. Accordingly, Thompson is hereby suspended for a period of 90 days from the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Ninety-day suspension. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

I cannot agree with the conclusion reached by the majority that the appropriate level of discipline in this case is a 90-day suspension. In arriving at the appropriate sanction, I would employ the analysis set forth in my dissent in *In the Matter of Ronald J. Freeman*, 269 Ga. 906 (506 SE2d 872) (1998) and apply ABA Standard 5.11, applicable to attorneys who engage in serious criminal conduct or intentional conduct involving dishonesty. Because the allegations contained in the complaint reflect egregious conduct and if proved, would support the sanction of disbarment, I would decline to accept James E. Thompson's Petition for Voluntary Discipline and remand the matter for further proceedings as provided in Part IV of the Rules and Regulations of the State Bar of Georgia. Accordingly, I must respectfully dissent to the majority's acceptance of the 90-day sanction proposed by James E. Thompson in this case.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED OCTOBER 26, 1998.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.