## S10Y0997. IN THE MATTER OF KINDALL GRANT.
### (694 SE2d 647)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Kindall Grant's petition for voluntary discipline, in which she seeks the imposition of a Review Panel reprimand for her admitted violations of Rules 5.3 and 1.15 (I) and (II) in connection with two pending disciplinary matters. The maximum penalty for a violation of any of these rules is disbarment. The State Bar has filed a response stating that the interests of the public and the Bar would be best served by accepting the petition.

In the petition, Grant, who was formerly known as Laliah Powell and who has been a member of the Bar since 1992, admits with regard to State Disciplinary Board ("SDB") docket number 5752, that in March 2006, she handled a real estate closing in which her clients were the sellers; that she directed her paralegal to handle aspects of the closing; that without her knowledge the paralegal

fielded questions from her clients regarding the transaction and told them, falsely, that they needed to send an additional $2,000 in connection with the closing; and that the paralegal stole the $2,000 forwarded by the clients as well as other funds Grant was supposed to be maintaining in her attorney trust account. Grant admits that in August 2006, she spoke to the clients and admitted that she had not properly closed the transaction or adequately supervised the paralegal; that she sent the clients the documents they needed to sign in order to complete the transaction, but that the clients received a foreclosure notice because Grant had not closed the transaction and the mortgage company filed adverse credit reports against the clients with credit reporting agencies. Grant states that once she received the signed documents back from her clients, she recorded the closing documents and sent letters of explanation to the credit reporting agencies on behalf of the clients and that the clients' loan was later paid off and canceled of record. Grant admits that she failed to carefully review the records relating to her attorney trust account or to conduct monthly reconciliations of that account, opting for quarterly reconciliations instead. She admits that her records did not reflect at all times the exact balance held for each client or third person. Grant states that the paralegal eventually entered a guilty plea to felony theft, financial identity fraud and forgery relating to her theft of funds that were supposed to be maintained in Grant's attorney trust account; and that Grant reimbursed the clients for the $2,000 the paralegal had stolen from them.

With regard to SDB docket number 5753, Grant admits that in 2005 she became an issuing agent for a title insurance company; that in January 2007 when the company terminated her authority as its agent, she immediately sent a number of underwriter remittance premiums to it and returned all unused policy jackets in her possession; but that a large number of title insurance policies remained outstanding for which she had not properly accounted either by returning the policies unissued or by remitting the premiums collected and owed to the company on those policies. Grant contends, however, that she eventually paid the company for all policy premiums and other associated costs and accounted for all unissued policies.

While admitting that she violated Rules which allow for disbarment with regard to two separate client matters, Grant offers in mitigation that she has cooperated with the State Bar in submitting this petition for voluntary discipline; that she is sincerely remorseful for her disciplinary rules violations and accepts responsibility for her misconduct; that she has no prior disciplinary record; and that she has now repaid her clients for the funds stolen by the paralegal and

has accounted to the title insurance company for all title policies and premiums.

Having reviewed the record, the Court concludes that Grant violated Rules 5.3 and 1.15 (I) and (II) and finds that a Review Panel Reprimand is the appropriate sanction for her conduct. Accordingly, this Court hereby accepts Grant's petition and orders that Kindall Grant receive a Review Panel Reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220.

*Review Panel reprimand. All the Justices concur.*

DECIDED APRIL 19, 2010.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.