In the Supreme Court of Georgia

Decided:     September 22, 2014

S14Y1377.  IN THE MATTER OF DANIEL J. SAXTON.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Daniel J. Saxton (State Bar No. 628075), in which he seeks the imposition of a Review Panel reprimand as a sanction for sending misleading solicitations to potential clients in Rhode Island.  The State Bar recommends that the Court accept the petition.

Saxton, who was admitted to the Bar in 1977, filed this petition prior to the issuance of a formal complaint, see Bar Rule 4-227 (b).  In his petition, Saxton admits that in 2011 he purchased a law firm that provides legal services, including services to homeowners facing foreclosure in various states. In February 2013, his firm sent solicitation letters to 12 individuals in Rhode Island whose homes had been noticed for foreclosure.  The solicitation letters referenced a foreclosure sale "on the courthouse steps," which is not accurate for Rhode Island.  The letters also referenced a local address that did not exist

and a local phone number that connected to Saxton's Georgia office, without disclosing that fact. The letters did not provide the name of a Rhode Island-licensed attorney. After Saxton was contacted by Rhode Island Bar authorities about the letter, he provided incorrect information, stating that his office had contracted with a Rhode Island lawyer and had arranged for use of space at an office on the same street as the address given in the letter. When Georgia's Investigative Panel initiated a grievance, Saxton provided the same misinformation.

The petition discloses that Saxton allowed a non-lawyer office manager to manage the expansion of the firm to Rhode Island, that he did not monitor this employee's activities, and that in responding to Bar authorities, he relied upon information provided by the employee. He did not obtain any clients from the solicitation letters. We agree that by this conduct, Saxton violated Rules 5.3 and 7.1 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of either rule is disbarment.

In mitigation, we conclude that Saxton has no prior disciplinary history, that these events occurred at a time when he was experiencing health problems, some very serious, that he is sincerely remorseful, that no clients or potential

clients were harmed, and that he has taken appropriate steps to ensure proper supervision of his employees. We also conclude that he has cooperated fully with the disciplinary process in Rhode Island, after recognizing that the information he had initially provided to the Rhode Island Bar authorities about the operation of his office was incorrect. The State Bar agrees that the imposition of a Review Panel reprimand is the appropriate sanction in this matter, noting that Saxton has been fully cooperative in these disciplinary proceedings, after his initial misrepresentation.

Having reviewed the petition and response, we agree that imposition of a Review Panel reprimand is the appropriate sanction in this matter, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that Saxton receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b) for his admitted violations of Rules 5.3 and 7.1.

Petition for voluntary discipline accepted. Review Panel reprimand. All the Justices concur.