In the Supreme Court of Georgia

Decided:    October 20, 2014

S15Y0029.  IN THE MATTER OF PERRY DEAN ELLIS

PER CURIAM.

This disciplinary matter is before the Court on the report of Special Master Michael Sumner, recommending that the Court accept the petition for voluntary discipline filed by Perry Dean Ellis (State Bar No. 245836) and impose a Review Panel reprimand in connection with his failure to properly supervise a non-lawyer staff member.

After the filing of a formal complaint, Ellis, who was admitted to the Bar in 1990, filed a petition for voluntary discipline in lieu of an answer, see Bar Rule 4-212 (d) and 4-227 (c).  In his petition, Ellis admits the following facts: his firm was retained to represent a client who was seeking workers' compensation benefits.  A very experienced associate attorney met with the client, obtained the client's signature on a representation agreement, and handled the representation.  Ellis knew that the associate was handling the client's case, but did not meet with the client.

During the course of the representation, the associate determined that an evaluation by a reputable independent orthopaedic hand specialist who was not on the employer's list of physicians might enhance the client's chances to recover more compensation in his claim. The specialty orthopaedic practice where the client was to be evaluated required advance payment. Ellis's firm had a usual and customary practice of assisting clients in setting appointments for doctors who were not on the employers' list of physicians and of explaining that if the doctor required payment at the time of service, the firm could assist the client in obtaining financing through one or more lending companies. If the client needed this option and agreed to obtain the loan, the firm would provide the loan agreement to the client for the client's signature. It was the firm's custom and practice to have the client sign the loan agreement, but if the client specifically directed and gave authorization to the firm to sign the client's name, the firm would do so.

In this instance, the associate asked her paralegal to explain the financing option to the client and to ask for the client's authorization to sign the loan agreement due to the urgency to obtain the physician's fee prior to the appointment. The paralegal in turn passed the responsibility off to another,

unidentified, staff member. The staff member tasked with communicating with the client was not familiar with the firm's procedures, and without contacting the client, the staff member completed the application for a $1,000 loan and signed the client's and Ellis's name on the loan application and forwarded it to Global Financial Credit ("GFC"). Ellis's firm received the funds from GFC and forwarded them to the physician, who evaluated the client and issued his report.

After receiving the physician's report, which did not enhance the client's chances of recovery, the associate negotiated a settlement with the client's employer for $2,500, but the client rejected the offer. The associate thereafter gave notice to the client and the State Board of Workers' Compensation that the firm was withdrawing from representing the client. The client later settled directly with counsel for his employer for the amount negotiated by Ellis's associate. After GFC sought to collect its loan from the client, the client filed a grievance, alleging that he had not signed nor authorized his signature on the loan agreement. Ellis, however, paid the full amount due on the loan on the client's behalf.

Ellis admits that by this conduct that he violated Rule 5.3 (b) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The

3

maximum violation for the] Rule is disbarment. Ellis offered as mitigating circumstances that he is remorseful, that he fully cooperated with the State Bar in the disciplinary process, that he has a reputation for good character in the legal community and in his community, that he paid the loan amount due, that he has no prior disciplinary history, that he had no selfish or dishonest motive, and that he has issued a written directive to the firm's attorneys and staff members and obtained their acknowledgment that it is not appropriate nor is anyone permitted to sign the name of another person without indicating that he is signing with express permission and that a power of attorney is required to sign another person's name on a legal document. He asks for the imposition of a Review Panel Reprimand.

The State Bar filed a response before the Special Master, stating that it did not object to the discipline requested. The Special Master accepted the petition and the mitigating circumstances proffered and agrees that a Review Panel reprimand is the appropriate sanction.

Having reviewed the record, the Court concludes that a Review Panel reprimand is the appropriate sanction in this case, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that Ellis

receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b) for his admitted violation of Rule 5.3 (b).

Petition for voluntary discipline accepted.  Review Panel reprimand.  All the Justices concur. 4