297 Ga. 280
FINAL COPY

S15Y0968.  IN THE MATTER OF WILLIAM F. HEITMANN III.

PER CURIAM.

This matter is before the Court on the petition of attorney William F. Heitmann III (State Bar No. 343903) for voluntary discipline. In his petition, Heitmann admits that he violated Georgia Rule of Professional Conduct 5.3, and although the maximum penalty for such a violation is disbarment, he requests a public reprimand as discipline in his case. The State Bar has responded that acceptance of the petition would serve the public interest. We agree.

Heitmann has been a member of the State Bar since 2000, and according to his petition, his practice mostly concerns the representation of personal injury plaintiffs. He admits that, without his prior knowledge or consent, an independent contractor employed by his law office contacted three individuals who had just been involved in automobile accidents about Heitmann representing them. These contacts were unsolicited, none of the prospective clients having reached out to Heitmann before his contractor contacted them. In each instance, the contractor met with the prospective client soon after the initial contact. In two instances, the prospective clients agreed to be represented by

Heitmann, only later to terminate the representation. In the third instance, the prospective client did not retain Heitmann. According to Heitmann, he only became aware of the facts surrounding these contacts during the grievance process. He determined that his contractor likely obtained the names and telephone numbers of the prospective clients from a doctor, although he claims to have no prior or specific knowledge of that fact. Upon learning of these improper contacts, Heitmann terminated the contractor and severed any further relationship with him. Heitmann later hired a more experienced investigator and personally explained the relevant Bar rules to that investigator, stressing specifically that no potential client can be contacted who has not sought advice regarding employment of a lawyer.

Heitmann admits that he violated Rule 5.3 by failing to take reasonable efforts to ensure that the individual who worked for him conducted himself in accordance with the prohibition imposed on Heitmann by Rule 7.3 (d). In mitigation, Heitmann notes that he has no prior disciplinary history, that he has cooperated in these proceedings, that he had no dishonest or selfish motive, and that he understands the important purpose of Rule 7.3 (d) to protect the public and its perception of the legal profession. In addition, he states that he is deeply

remorseful that his conduct resulted in acts proscribed by Rule 7.3 (d). Based on the above, Heitmann requests a public reprimand as discipline. The State Bar has responded, noting in aggravation that Heitmann has significant experience in the practice of law, but stating that acceptance of his petition nevertheless would serve the public interest.

Having reviewed the petition and response, we agree that imposition of a public reprimand is an appropriate sanction in this matter, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that William F. Heitmann III receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c) for his violations of Rule 5.3.

Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.

Decided June 1, 2015.

Public reprimand.

Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar, for State Bar of Georgia.