In the Supreme Court of Georgia

Decided:    February 8, 2016

S16Y0125. IN THE MATTER OF ROBERT B. EDDLEMAN.

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline filed by Respondent Robert B. Eddleman (State Bar No. 142230) seeking either a Review Panel reprimand or a public reprimand for his admitted violations of Rules 1.7 and 5.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).  A violation of either rule may be punished by disbarment.  The State Bar filed a response recommending that the Court accept the petition and impose a reprimand.

The facts show that Eddleman represented his secretary's now-ex-husband in several credit card collection cases and did not charge a fee due to the client's financial circumstances.  Later, Eddleman insisted on being paid but could not agree with the client, so he considered himself discharged.  He did not obtain an order allowing withdrawal in at least one of the cases, however, until February 2013.  Thus, Eddleman was attorney of record in October 2012 when he

represented his secretary in a divorce in which the parties' financial interests necessarily were in conflict and relevant to the divorce action. He did not obtain written informed consent to the divorce representation from his secretary or her now ex-husband. In addition, Eddleman admits that he had a personal, intimate relationship with his secretary, now his wife, while the divorce action was pending, even though he was aware of this Court's repeated admonitions against lawyers entering into extramarital relationships with clients, and admits he should not have ignored those admonitions. Eddleman admits that this conduct violated Rule 1.7. He further admits that during the course of his original representation of his former client, there were documents material to the case that appeared to bear the client's signature; however, after the Bar grievance was filed, Eddleman's secretary stated that she had signed the documents with her now-ex-husband's permission (the ex-husband disputes that statement), and one of the documents was a release of liability in favor of Eddleman. Eddleman admits that this indicates he did not adequately train and supervise his nonlawyer staff and that he thus violated Rule 5.3. In mitigation of discipline, Eddleman states that he had no dishonest or selfish motive in that he did not charge either the now-ex-husband or his secretary for his services, and that his

intimate relationship with his secretary did not begin until after her divorce was filed; that he suffered personal and emotional problems related to the failure of his own marriage, and was using prescription pain medication for back pain that may have caused him not to think clearly (he no longer takes the medication); that he gave full and free disclosure and cooperated with these proceedings; and that he is sincerely remorseful.

In its response, the State Bar notes that the disagreement about being paid was the reason Eddleman stopped representing the former client, that engaging in an intimate relationship with his secretary was inherently a decision he made in pursuit of his own interests, and that Eddleman initially denied having an affair with his secretary. The State Bar offers in aggravation of discipline that Eddleman has received a Formal Letter of Admonition; that this matter involves multiple offenses; that his initial denial of the affair extended the proceedings; and it notes the inherently selfish nature of some of Eddleman's conduct. But the State Bar also points out that in disciplinary matters each case depends on its own facts, see In re Dowdy, 247 Ga. 488, 493 (277 SE2d 36) (1981). With respect to the Rule 5.3 violation, it cites to cases imposing a Review Panel reprimand in somewhat similar circumstances, see e.g., In the Matter of Ellis,

3

296 Ga. 83 (764 SE2d 856) (2014) (nonlawyer signed client's name to loan application without client's authorization; petition for voluntary discipline accepted and Review Panel reprimand imposed). As for the ethical impropriety of having sexual relationships with clients, most cases impose greater discipline than Eddleman seeks, but they also involve facts not present in this case, such as the lawyer taking advantage of the client's mental and emotional impairment, non-consensual relationships, contested divorces (unlike in this case), or that the relationship extended for a longer period during the representation than in this case, see e.g. In the Matter of MacKenna, 294 Ga. 72 (751 SE2d 98) (2013) (Rules 1.7 and 8.4 (a) (4); 18-month suspension).

We agree with the State Bar that under the facts in this case, the appropriate sanction is a reprimand. Therefore, we accept Eddleman's petition for voluntary discipline and hereby order that he receive a public reprimand pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c).

Petition for voluntary discipline accepted. Public reprimand. All the Justices concur, except Melton, J., who dissents.

4