## S16Y1575. IN THE MATTER OF DANIEL J. SAXTON.
### (791 SE2d 773)

PER CURIAM.

This matter is before the Court on the petition for voluntary discipline filed by Daniel J. Saxton (Bar No. 628075). The petition was filed before the issuance of a formal complaint, see Bar Rule 4-227 (b) (2), and seeks to resolve grievances filed by two clients. Saxton requests the imposition of a public reprimand, but has agreed to a sanction up to a three-month suspension. The State Bar recommends acceptance of the petition and imposition of a three-month suspension.

Saxton, who became a member of the Bar in 1977, admits that as a result of the purchase of an existing law practice in December 2011, his firm assumed the representation of a client who had been a client of the predecessor firm. The client had been seeking to renegotiate the terms of her mortgage and avoid foreclosure on a home purchased for $1.6 million, but now worth $475,000. Saxton's firm was able to suspend the foreclosure, but the firm was unable to renegotiate the mortgage terms. During his firm's representation, communications with the lender and the client were conducted by non-lawyer employees of the firm. In April 2012 the client terminated the attorney-client relationship. Saxton sent the client a partial refund of $1,500, along with a "Liability Waiver and Release of Claims," but Saxton did not advise the client in writing that independent representation was appropriate in connection with the release. The client returned the $1,500 check, demanded a full refund of $4,500, and ultimately obtained a judgment against Saxton's firm for $2,250, which has been paid. Saxton admits that by this conduct he violated Rules 1.8 (h) and 5.3 (a) of the Georgia Rules of Professional Conduct found in Bar Rule

4-102 (d). The maximum sanction for a violation of Rule 1.8 (h) is a public reprimand and for a violation of Rule 5.3 (a) is disbarment.

Saxton also admits that between February and July 2014 his firm was retained by a client to attempt to reach a settlement with a judgment creditor to prevent the foreclosure of the client's property; the client paid a $6,000 retainer. After the initial consultation with Saxton, the client's communications were all with non-lawyer employees of Saxton's firm. Saxton's firm did obtain a postponement of a scheduled foreclosure and negotiated a restructured mortgage note that would allow the client to retain the property with a lower interest rate and a monthly savings of approximately $200. However, the lender required an up-front, good faith payment of $7,000, which the client was unable or unwilling to pay. A non-lawyer employee of Saxton's firm encouraged the client to file a meritless bankruptcy petition pro se to forestall foreclosure. This advice was given without Saxton's knowledge or consent, and the employee was subsequently reprimanded. In July 2014 the client asked for a full refund, which Saxton provided, along with an additional $700 that the client's new lawyer indicated was needed for an emergency filing. Saxton admits that by this conduct he violated Rules 5.3 (a) and 5.5 (a) of Rule 4-102 (d). The maximum sanction for a violation of Rule 5.5 is disbarment.

The parties submit, and we agree, that the following are aggravating factors: substantial experience in the practice of law and prior disciplinary sanctions — an Investigative Panel reprimand in 2015, and a Review Panel reprimand, see *In the Matter of Saxton*, 295 Ga. 754 (763 SE2d 878) (2014). Additionally, we agree that the following mitigating factors are present: a timely good faith effort to make restitution; a full and free disclosure and a cooperative attitude toward these proceedings; and a reputation in the community for integrity and good moral character.

While this Court has imposed reprimands for similar misconduct, see, e.g., *In the Matter of Eddleman*, 298 Ga. 469 (782 SE2d 668) (2016), *In the Matter of Heitmann*, 297 Ga. 280 (773 SE2d 278) (2015), and *In the Matter of Ellis*, 296 Ga. 83 (764 SE2d 856) (2014), none of those cases involved a lawyer with two prior disciplinary sanctions or the multiple instances of misconduct present here. For these reasons, we agree with the State Bar that a three-month suspension is the appropriate sanction in this matter rather than a public reprimand.

Therefore, we accept Saxton's petition for voluntary discipline and order that he be suspended from the practice of law in this State for three months. Because there are no conditions on Saxton's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension

based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms three months later. Saxton is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Three-month suspension. All the Justices concur.*

DECIDED OCTOBER 3, 2016.

*Warren R. Hinds*, for Saxton.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.

