*Isenberg & Hewitt, Brent J. Kaplan, Hilary W. Hunter,* for appellees.

S16Y1749. IN THE MATTER OF RICHARD J. STORRS.
(792 SE2d 664)

PER CURIAM.

This disciplinary matter is before this Court on the petition for voluntary discipline filed, prior to the filing of a formal complaint, by Respondent Richard J. Storrs (State Bar No. 685575), pursuant to Bar Rule 4-227 (b) (2), in which he seeks to resolve a disciplinary matter involving his acknowledged misuse of his attorney trust account. In his petition, Storrs admits that his conduct violated Rule 1.15 (II) (b) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.15 (II) (b) is disbarment.

Storrs, who has been a member of the Bar since 1984, unconditionally acknowledges that, in 2012, he was engaged in settling payment bond claims filed by subcontractors against a client of his firm when he received a check from that client for $15,031.32, to be paid to one of the subcontractors. Storrs prepared and forwarded to the subcontractor a release, and, after having not received a response for several weeks, Storrs deposited the check into his trust account. Storrs admits that, between July and December of 2012, he withdrew for his personal use $11,150 from his trust account, money that came from his client's check and was to be used in satisfaction of the settlement. In February 2013, the subcontractor contacted Storrs's firm, communicated with him regarding its claim, and signed a release. Storrs deposited the missing funds into his trust account and mailed a certified check to the subcontractor for the full amount of the settlement, which ended the matter for his client.

In mitigation, Storrs notes that, during the period in question, he was suffering from emotional and mental distress resulting from his separation, and eventual divorce, from his wife of many years, and

from the depression suffered by one of his children, which resulted in that child applying for a hardship withdrawal from the university that he was attending. Storrs has sought and continues to seek counseling from his psychologist, as well as his priest. Storrs further notes in mitigation that he has fully and freely cooperated in this disciplinary proceeding, initiating this petition for voluntary discipline and openly and honestly discussing the facts underlying the matter; that he used his personal funds to replace the funds improperly withdrawn from his trust account, such that neither his client nor the other party to the settlement were harmed by his actions; that he has a long and substantial record of community service and pro bono work; and that he has had only one prior disciplinary matter, an admonition that he states was received almost 20 years ago. Storrs suggests that punishment ranging from a Review Panel reprimand to a three-month suspension would be appropriate in his case. In response, the State Bar argues that, although a suspension is the appropriate discipline, Storrs's proposed three-month suspension is not sufficient.

Having reviewed the record as a whole, we disagree with the recommendation of the State Bar and conclude that imposition of a three-month suspension is the appropriate sanction in this matter, and we therefore accept Storrs's petition for voluntary discipline. See *In the Matter of Freeman*, 269 Ga. 906 (506 SE2d 872) (1998) (three-month suspension was appropriate for actions involving misappropriation of trust account funds where attorney repaid monies to client, suffered depression at time of infraction, lacked a disciplinary record, lacked a selfish motive in taking funds from trust account, and cooperated with disciplinary authorities); *In the Matter of Thompson*, 270 Ga. 89 (508 SE2d 398) (1998) (holding that three-month suspension was appropriate for misconduct including unauthorized borrowing of funds from trust account where attorney had no prior discipline, settled with client and cooperated with disciplinary authority). Accordingly, we hereby order that he be suspended from the practice of law in this State for three months. Because there are no conditions on Storrs's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms three months later. Storrs is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Three-month suspension. All the Justices concur.*

DECIDED OCTOBER 31, 2016.

*Chandler & Moore Law, Douglas V. Chandler, Bret S. Moore*, for Storrs.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.