## S17Y0552. IN THE MATTER OF DAVID EDMUND RALSTON.
(794 SE2d 646)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, Jonathan C. Peters, recommending that the Court accept the petition for voluntary discipline filed by David Edmund Ralston (State Bar No. 592850) and impose a Review Panel reprimand for Ralston's provision of financial assistance to a couple who were his clients and the use of his trust account in providing that assistance, in violation of Rules 1.8 (e) and 1.15 (II) (b) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).[1] The maximum sanction for a violation of Rule 1.8 (e) is a public reprimand, and the maximum sanction for a violation of Rule 1.15 (II) (b) is disbarment.

In his petition, Ralston requested the imposition of an Investigative Panel reprimand, but agreed to accept discipline up to a three-month suspension. The State Bar supported the petition and requested that some form of public discipline be imposed.[2] Based on Ralston's petition and the State Bar's response, the special master found the following facts relevant to the admitted violations of Rules 1.8 (e) and 1.15 (II) (b). Ralston was admitted to the Bar in 1980 and has no prior disciplinary sanctions. In April 2006, an associate in Ralston's firm was retained by the clients to represent them in a personal injury action arising out of a March 2006 car accident. Ralston was not involved in the initial representation, but became actively involved in 2008 and filed suit on behalf of the clients in March 2008. The defendant answered and, although she did not contest liability, she did not admit causation for the injuries. In May 2010, the clients told Ralston that one of them had become unemployed and that they were having difficulty meeting the basic necessities for themselves and their minor child, including paying rent and paying for prescription medication; they asked Ralston to advance them money to be repaid from the proceeds of a settlement or trial. Ralston, believing that the clients were truly in dire financial need, advanced to them funds at no interest from an earned, but undisbursed, fee of $24,050.09 remaining in his IOLTA (Interest on Lawyer

---

[1] Rule 1.8 (e) says that a lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that a lawyer may advance or pay for court costs and expenses of litigation. Rule 1.15 (II) (b) says in pertinent part that no funds shall be withdrawn from a lawyer's trust account for his personal use, except earned attorney fees debited against the account of a specific client and recorded as such.

[2] An Investigative Panel reprimand is a form of confidential discipline, while Review Panel and public reprimands and suspensions are forms of public discipline. See Bar Rule 4-102 (b).

Trust Account) from an unrelated matter; between May 26, 2010, and October 31, 2011, he made 12 disbursements totaling $22,000 to the clients. A certified public accountant conducted a review of Ralston's trust account for the time period in question, determined that no defalcation occurred, and verified that the earned but undisbursed fee was the source of funds advanced to the clients. Other facts set forth in the special master's report address violations of additional Rules that were alleged in the amended formal complaint against Ralston, but which the State Bar has investigated and has determined do not merit further proceedings.[3]

With regard to the Rule 1.8 (e) violation, Ralston states that he was unaware of that rule when he made the advances and did not intentionally violate it; he was forthcoming with the State Bar in disclosing the advances and providing evidence of them; he obtained no financial gain from advancing the funds at no interest; he is not seeking reimbursement for the $22,000 advanced; and he has released any claim to a fee from the settlement of the case. With regard to the Rule 1.15 (II) (b) violation, Ralston admits that he made the advances to his clients from earned fees in his trust account and states that he was unaware that his actions violated Bar Rules, but he has since

---

[3] The State Bar is declining to pursue alleged violations of Rules 1.3 (lawyer shall act with reasonable diligence); 1.4 (lawyer shall keep client reasonably informed about status of the matter); 1.5 (contingency fee agreement must be in writing); 1.7 (lawyer shall not continue representation if there is significant risk that lawyer's own interests or other duties will materially and adversely affect the representation); 1.16 (a) (1) (lawyer shall withdraw from representation if continued representation will result in violation of Rules of Professional Conduct); 1.16 (d) (upon termination of representation, lawyer shall take reasonable steps to protect a client's interests, including surrendering papers); 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of the client); and 8.4 (a) (4) (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or misrepresentation). The State Bar is also declining to pursue an allegation that Ralston violated Rule 1.15 (II) (b) by failing to keep and maintain trust account records showing the exact balance held for each client or third party. The facts stipulated as to these alleged violations show that the initiation of the case without a written fee agreement was accomplished without involvement from Ralston, and when he became actively involved in the representation, he confirmed in writing the oral understanding of the contingency fee arrangement. Additionally, the facts show that Ralston communicated frequently with the clients and turned over their complete file to their new counsel within a reasonable time of being requested and receiving authorization to do so. With regard to the allegations that Ralston was unable to pursue the case diligently because of his duties as a legislator and therefore should have withdrawn from the representation, the stipulated facts show that because the clients would not authorize a settlement demand, the case had to be tried; because the judge presiding over the case had only two weeks per year for civil jury trials in Gilmer County, there were only ten jury trial weeks available between 2009 and 2013; the unavailability of only one of these weeks was solely due to Ralston's legislative duties; and the other weeks potentially available were rendered unavailable due to opposing counsel's medical leave, Ralston's representation of clients in two criminal trials in other counties, and the hospitalization of one of the civil clients. After the clients retained new counsel, the case settled for the defendant's insurance limits of $100,000.

established safeguards to prevent any commingling of client and personal funds or retention of earned fees in his trust account.

The special master found the following factors in mitigation: absence of a prior disciplinary record; absence of a selfish or dishonest motive; full and free disclosure to the disciplinary authority and cooperative attitude toward the proceedings; remorse; and Ralston's lengthy career in public service as a legislator and legislative leader. The sole aggravating factor found by the special master is Ralston's substantial experience in the practice of law.

In light of all of these circumstances and mitigating factors, and in particular the absence of any apparent harm to a client or benefit to Ralston from the violations of Rules 1.8 (e) and 1.15 (II) (b), we agree with the special master that a Review Panel reprimand is the appropriate sanction in this matter. See, e.g., *In the Matter of Francis*, 297 Ga. 282 (773 SE2d 280) (2015) (Review Panel reprimand where the lawyer, who had three prior instances of confidential discipline, commingled personal and fiduciary funds in his trust account, but where there was no harm to clients); *In the Matter of Morse*, 293 Ga. 670 (748 SE2d 921) (2013) (Review Panel reprimand for a lawyer who loaned money to a client and who had three instances of prior discipline, including one for similar misconduct); *In the Matter of Howard*, 292 Ga. 413, 414 (738 SE2d 89) (2013) (public reprimand for a lawyer for technical violations of Rule 1.15 (II), where no harm was done to clients). Compare *In the Matter of Storrs*, 300 Ga. 68 (792 SE2d 664) (2016) (imposing three-month suspension for violation of Rule 1.15 (II) (b) where the lawyer withdrew $11,150 in client funds from his trust account and used the funds for his own benefit, but repaid the sum quickly so that there was no harm to a client or third party, and where there were significant mitigating circumstances). Accordingly, we accept the petition for voluntary discipline and hereby order that David Edmund Ralston receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b) for his admitted violations of Rules 1.8 (e) and 1.15 (II) (b).

*Petition for voluntary discipline accepted. Review Panel reprimand. All the Justices concur.*

DECIDED DECEMBER 8, 2016.

*Paula J. Frederick, General Counsel State Bar*, for State Bar of Georgia.
*Roy E. Barnes*, for Ralston.