306 Ga. 388
FINAL COPY

S19Y1168.  IN THE MATTER OF HAKEEM BERTRAND BROCK.

PER CURIAM.

This disciplinary matter is before the Court on a petition for voluntary discipline filed in May 2019 by Hakeem Bertrand Brock (State Bar No. 705137) before the issuance of a formal complaint. See Bar Rule 4-227 (b).[1]  He seeks a Review Board reprimand for his misconduct related to the handling of his trust account and the failure to properly supervise a nonlawyer employee.  The State Bar, after an investigation of the underlying facts and following negotiation with Brock, supports the petition.

In his petition, Brock, who was admitted to the Bar in 2007, makes the following admissions unconditionally.  He employed a paralegal to assist him with his personal injury cases.  In May 2017, he discovered that the paralegal had written checks on his trust

---

[1] This Court issued an order on January 12, 2018, comprehensively amending Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia ("Bar Rules").  The new rules govern this matter because it was commenced after July 1, 2018.

account and forged his signature, improperly withdrawing approximately $21,000 in trust account funds, and also discovered that she was purporting to handle legal matters on her own, without his knowledge or participation. Some of the checks were payable to the paralegal's family and friends, but some checks were payable to individuals who were her purported clients. This scheme came to light when she wrote four checks that bounced, and Brock was notified by his bank about the insufficient funds in his trust account. The reason he was unaware of his paralegal's activities was that he did not keep a ledger or other records showing the balance in his trust account belonging to each client or the lawyer's fees debited against the account of a specific client. As a result of learning of the paralegal's actions, he fired her, implemented new oversight policies, and reinstated all missing client and third-party funds using personal funds; he also notified the Rockdale County sheriff's office about the thefts.

Three instances of Brock's own misuse of the trust account came to light during the State Disciplinary Board's investigation

2

into this matter. Specifically, in March 2017, Brock made one personal student loan payment from his trust account, and in March and April 2017, he made two mortgage payments from this trust account on behalf of a former client. During its investigation, the State Bar confirmed Brock's assertions that the student loan payment was made from earned attorney fees that he had improperly retained in his trust account and that the mortgage payments were made from the client's funds that Brock had failed to promptly deliver to the client.

Brock admits that by this conduct he violated Rules 1.15 (I) (a) and (c), 1.15 (II) (a) and (b), and 5.3 (a) and (b) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). And while he did not know of or approve or ratify the paralegal's actions, he admits that because of his failure to supervise her use of the trust account, he remains responsible for conduct that would constitute a violation of the Rules of Professional Conduct if a lawyer had engaged in such actions. See Bar Rule 5.3 (c) (2).

Although the maximum sanction for a violation of each of these rules is disbarment, under the American Bar Association Standards for Imposing Lawyer Sanctions (1992),[2] a reprimand may be appropriate in some circumstances where a lawyer is merely negligent in the handling of client property and in the exercise of his professional duties. See ABA Standards 4.13, 7.3. This is such a circumstance as the record reflects that there are several mitigating factors in this matter, specifically, the lack of a prior disciplinary record; the lack of a dishonest or selfish motive; a timely, good-faith effort to make restitution and to rectify the consequences of the misconduct; a cooperative attitude toward the disciplinary proceedings; and remorse for his misconduct. See ABA Standards 9.32 (a), (b), (d), (e), and (l). Further, these mitigating factors outweigh the aggravating factors of Brock's substantial experience in the practice of law and the presence of multiple offenses. See ABA Standards 9.22 (d) and (i). Additionally, the requested discipline is

---

[2] This Court looks to the ABA Standards for guidance in determining the appropriate sanction to impose. See In the Matter of Morse, 266 Ga. 652, 653 (470 SE2d 232) (1996).

4

supported by our prior disciplinary cases. See In the Matter of Farnham, 300 Ga. 645 (797 SE2d 84) (2017) (public reprimand for failure to maintain adequate direction and control over activities of nonlawyer staff); In the Matter of Eddings, 300 Ga. 419, 421 (795 SE2d 183) (2016) (public reprimand where attorney was victim of elaborate con perpetuated by his wife, who acted as his firm's financial manager); In the Matter of Ralston, 300 Ga. 416 (794 SE2d 646) (2016) (Review Panel reprimand for using earned but undisbursed fees from trust account to provide no-interest loan to client); In the Matter of Francis, 297 Ga. 282 (773 SE2d 280) (2015) (Review Panel reprimand for misuse of trust account where no clients were harmed); In the Matter of Eddleman, 298 Ga. 469 (782 SE2d 668) (2016) (public reprimand for failure to adequately train and supervise nonlawyer staff and conflict of interest). And finally, as noted above, the discipline requested was a result of negotiations between the State Bar and Brock.

Accordingly, we accept the petition for voluntary discipline and direct that Brock receive a Review Board reprimand in accordance

with Bar Rules 4-102 (b) (4) and 4-220 (b) for his admitted violations of Rules 1.15 (I), 1.15 (II), and 5.3.

Petition for voluntary discipline accepted. Review Board reprimand. All the Justices concur.

Decided July 1, 2019.

Review Board reprimand.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.