**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: May 29, 2024

S24Y0549. IN THE MATTER OF EPHRAIM L. MICHAEL.

PER CURIAM.

This disciplinary matter is before the Court on a petition for voluntary discipline filed by Respondent Ephraim L. Michael (State Bar No. 503995) before the issuance of a formal complaint. See Bar Rule 4-227 (b). In the petition, Michael agrees to accept the imposition of a State Disciplinary Review Board reprimand or a public reprimand as discipline for his admitted violations of Rules 1.2 (a), 1.4 (a), and 5.3 (b) of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102 (d).[1] The State Bar has

---

[1] The maximum sanction for a violation of either Rules 1.2 (a) or 5.3 (b) is disbarment, while the maximum sanction for a violation of Rule 1.4 (a) is a public reprimand.

responded, indicating that it does not oppose Michael's petition. We agree to accept the petition and impose a public reprimand.

In his petition, Michael, who has been a member of the State Bar of Georgia since 1996, admits that in June 2019, his law firm was hired to represent a client in a personal injury case, which Michael worked on with his nonlawyer assistant. Michael timely filed suit in state court on the client's behalf. In March 2021, the nonlawyer assistant informed Michael that the defendant's insurer had made a settlement offer of $110,000, and Michael instructed her to convey that offer to the client. A few days later, the assistant informed Michael that, with the client's consent, the parties had reached a settlement of $115,000. However, when Michael spoke with the client, she denied authorizing the settlement. On March 16, 2021, Michael voided the settlement check and returned it to the insurer. The defendant filed a motion to enforce the settlement, which the client opposed through new counsel. The state court denied the motion, finding that Michael's nonlawyer assistant

"performed more than ministerial duties and it [did] not appear that the settlement was negotiated by [Michael] on behalf of [the client]."

Based on those facts, Michael admits that he violated Rules 1.2 (a),[2] 1.4 (a),[3] and 5.3 (b).[4] Citing the American Bar Association Standards for Imposing Lawyer Sanctions ("ABA Standards"), see *In the Matter of Morse*, 265 Ga. 353, 354 (456 SE2d 52) (1995) (disciplinary authority should consider (a) the duty violated, (b) the lawyer's mental state, (c) the potential or actual injury caused by the misconduct, and (d) aggravating and mitigating factors), Michael

---

[2] Rule 1.2 (a) provides in relevant part that "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. . . ."

[3] Rule 1.4 (a) provides in relevant part that "[a] lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0 (l), is required by these rules; (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; [and] (3) keep the client reasonably informed about the status of the matter[.]"

[4] Rule 5.3 (b) provides that "With respect to a nonlawyer employed or retained by or associated with a lawyer: . . . a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer[.]"

observes that his misconduct implicates ABA Standard 4.43, which provides that a reprimand is an appropriate sanction when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to his client. As to his mental state, Michael states that he did not knowingly engage in misconduct and that, at the time of his misconduct, he was dealing with the aftermath of health issues that affected his professional judgment. He admits that the potential for injury existed due to his inattentiveness to the client's case and his failure to adequately supervise his nonlawyer assistant.

Michael notes that there are two applicable aggravating factors here: the presence of multiple offenses and his substantial experience in the practice of law. See ABA Standards 9.22 (d) and (i). He states, however, that the aggravating factors are substantially outweighed by the following mitigating factors: the absence of any prior disciplinary record; his timely, good faith effort to rectify the consequences of his misconduct by promptly informing defense counsel and returning the settlement check upon learning

4

that the client did not agree to the settlement; his making a full and free disclosure to the State Bar and displaying a cooperative attitude towards the proceedings; good character or reputation in the form of letters from his colleagues; and his remorse, as shown by his consultation with the Bar's Law Practice Management Division and adoption of its recommended measures for the administration of his law office and supervision of his employees. See ABA Standards 9.32 (a), (d), (e), (g), (l). In addition, Michael contends that ABA Standard 9.32 (c) (personal or emotional problems) applies, because at the time of his misconduct, he was burdened with and distracted by health issues. Specifically, in March 2019, Michael was diagnosed with cancer and had to undergo several surgeries and radiation, leading to other health-related maladies. Michael admits that his medical procedures preceded the unauthorized settlement in 2021, but states that the associated stress was still affecting him personally and professionally at the time the unauthorized settlement occurred.

Michael asserts that the imposition of some type of reprimand would conform with this Court's disciplinary precedent. He requests that this Court impose either a Review Board or public reprimand.

In its response, the State Bar does not dispute Michael's recitation of the facts. The State Bar agrees that ABA Standard 4.43 applies and that a reprimand is appropriate for Michael's negligence in delegating the communication with the client and the insurer to the nonlawyer assistant, in failing to adequately supervise the nonlawyer assistant in her duties and her involvement in the settlement negotiations, and in failing to personally consult and communicate with the client. The Bar does not dispute the aggravating and mitigating factors that Michael has identified and agrees that he implemented the changes in his practice recommended by the Law Practice Management Division.

Having reviewed the record, we conclude that a public reprimand is the appropriate sanction in this matter.[5] See, e.g., *In*

---

[5] By way of background, Bar discipline falls into two categories: (1) "confidential discipline"—which includes a confidential reprimand or a formal

6

*the Matter of Pass*, 314 Ga. 805 (879 SE2d 454) (2022) (adopting special master's recommendation and imposing public reprimand for attorney's violations of Rules 1.15 (I), 1.15 (II), and 5.3 (b)); *In the Matter of Woodward*, 313 Ga. 112 (868 SE2d 231) (2022) (accepting petition for voluntary discipline and imposing public reprimand for attorney's violations of Rules 1.2, 1.4, 1.15 (I), and 1.15 (II)); *In the Matter of Cherry*, 305 Ga. 667 (827 SE2d 239) (2019) (accepting petition for voluntary discipline and imposing public

letter of admonition administered by the State Disciplinary Board—see Ga. Bar Rule 4-102 (b) (5), (6); and (2) "public discipline"—which includes disbarment, suspension, a public reprimand, or a Review Board reprimand. Id. at (b) (1)-(4). "Confidential discipline" is imposed by the State Bar without involving this Court and is not publicly disclosed on the Bar website; whereas "public discipline" follows a published decision of this Court and is publicly disclosed on the State Bar website. With respect to the alternative methods of discipline requested here—both of which constitute forms of "public discipline"—a public reprimand is imposed in open court by a superior court judge in the community in which the attorney receiving the discipline practices, but a Review Board reprimand is imposed in a nonpublic meeting of the State Bar's Review Board. This Court has long approved the inclusion of a Review Board (formerly, Review Panel) reprimand as a form of public discipline. See, e.g., Bar Rule 4-4-102 (b) (4) (Order of Supreme Court of January 12, 2018). However, some of us now question whether imposing Review Board reprimands as they have long existed is consistent with the very purpose that animates public discipline: that it be imposed in a forum open to the public. We would therefore welcome a motion to amend the rules in a way that avoids imposition of public discipline in a private setting. See Bar Rule 5-101 ("The Supreme Court of Georgia may, upon motion of the State Bar of Georgia, amend the Rules of the State Bar at any time[.]").

reprimand for attorney's violations of Rules 1.15 (I) (b), 4.1, and 8.4 (a) (4)). Accordingly, we accept the petition for voluntary discipline and direct that Ephraim L. Michael receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c) for his admitted violations of Rules 1.2 (a), 1.4 (a), and 5.3 (b).

*Public reprimand. All the Justices concur.*