S10Y1696. IN THE MATTER OF MELVIN ROBINSON, JR.
(701 SE2d 142)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Special Master, Gerald P. Word, who recommends that the Court accept Respondent Melvin Robinson, Jr.'s (State Bar No. 610650) Petition for Voluntary Discipline filed pursuant to Bar Rule

4-227 (c) after the issuance of a formal complaint. The Special Master found that Robinson violated Rules 1.3, 1.4, and 3.2 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). Rules 1.4 and 3.2 may be punished by a public reprimand, and Rule 1.3 may be punished by disbarment. The Special Master and the State Bar recommend that the Court accept Robinson's petition requesting imposition of a Review Panel reprimand.

The facts admitted in Robinson's petition show that a client retained him in 2006 to represent her in filing a Chapter 13 bankruptcy case. Robinson filed the bankruptcy complaint in February 2007 and a notice of leave of absence on February 8, 2007, for March 10-28, 2007. The meeting of creditors with the bankruptcy trustee was scheduled for March 15, 2007. Robinson's paralegal appeared on Robinson's behalf and informed the bankruptcy trustee of the previously filed leave of absence. However, Robinson did not reschedule the meeting of creditors, and no meeting of creditors was held prior to the date set for the confirmation hearing.

Rather than requesting that the bankruptcy court dismiss the complaint, the trustee agreed to allow Robinson to reschedule. Robinson duly called the trustee's office and obtained new dates for the meeting of creditors and the confirmation hearing. However, Robinson then failed to file and serve the required notices. Consequently, the trustee recommended dismissal of the bankruptcy complaint, and the bankruptcy court dismissed the complaint on May 3, 2007.

On May 7, 2007, Robinson filed a Notice to Reset Confirmation Hearing and Objection to Order of Dismissal seeking to reinstate the case along with a Motion to Set Aside the Order of Dismissal. On July 12, 2007, the bankruptcy court ordered Robinson to schedule a hearing on the notice and motion, but Robinson failed to do so. The client wrote to the bankruptcy court, which scheduled a hearing for September 12, 2007. On receipt of the notice, Robinson informed the client that she needed to be present. Robinson, however, was not present at the calendar call, and he appeared at the hearing only after court staff called his office to ask where he was. When he finally appeared, he was not prepared to represent his client. After the hearing, the bankruptcy court terminated Robinson's representation of the client and reinstated the client's bankruptcy complaint. The bankruptcy court subsequently entered an order regarding Robinson's conduct and referred the matter to the State Bar.

Robinson's conduct in the matter demonstrates a lack of reasonable diligence in representing his client, and it exposed her to potential injury. However, in mitigation of discipline, we note that although the client ultimately lost her home in 2009 for failure to make payments, Robinson's misconduct in 2007 did not cause this

outcome. In addition, Robinson has practiced bankruptcy law for over 15 years, he has no history of discipline, and since the filing of this grievance, he has filed numerous bankruptcy complaints without objection.

Having reviewed the record, the Court agrees that a Review Panel reprimand is an appropriate sanction in this case, and we therefore accept the petition for voluntary discipline. Accordingly, it is hereby ordered that Robinson receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 for his admitted violations of Rules 1.3, 1.4, and 3.2.

*Review Panel reprimand. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010 —
RECONSIDERATION DENIED OCTOBER 18, 2010.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.