S13Y0140. IN THE MATTER OF NEAL HENRY HOWARD.
(738 SE2d 89)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, William H. Gregory II, who recommends that the Court accept the petition for voluntary discipline filed by Respondent Neal Henry Howard (State Bar No. 371089) after the issuance of a formal complaint. Howard admitted to violating Rules 1.15 (I) and 1.15 (II) (b) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), and agreed to accept either a Review Panel or public reprimand. The State Bar filed a response asking the special master to reject the petition, but the special master recommended accepting the petition and imposing a public reprimand.

The facts show that Howard mistakenly provided the wrong deposit slip for a litigation funding check to one of his clients, so the check was incorrectly deposited into Howard's firm operating account rather than his IOLTA account. Howard then issued the client a check drawn on his IOLTA for the amount mistakenly deposited into the operating account ($3,552) and a check to himself for $10,000. The check to the client cleared, but the check Howard issued to himself did not, thus causing the IOLTA to become overdrawn. The $10,000 check was for personal funds remaining from an earlier deposit Howard made in anticipation of two large client settlements. Because his IOLTA bank held large settlement drafts for up to 30 days or longer, Howard had decided to deposit his own personal funds into his

IOLTA, so that when settlements were finalized, he could immediately distribute the client proceeds without waiting for the drafts to clear. When the settlements did not occur as planned, Howard began withdrawing the personal funds deposited earlier as day-to-day operations required. There were no other IOLTA violations, and without waiting for the State Bar to ask, Howard immediately changed his firm's accounting practices to ensure that no other violations would occur.

We agree with the special master that the facts are very clear as to what happened with the check being deposited, and there is no dispute as to the facts that triggered the Bar's disciplinary inquiry. Had the original check been deposited into the IOLTA instead of mistakenly into the operating account, there would have been sufficient funds to cover both checks Howard wrote. We also agree that the appropriate punishment is a public reprimand, rather than a Review Panel reprimand, because the infraction in this case involved an admitted violation of trust account rules, and, although no harm was done to clients, a trust account is a high honor and privilege afforded to a member of the Bar, so even a technical violation should have public discipline so as to protect clients, courts, and the public. Accordingly, we accept Howard's petition for voluntary discipline and order that he receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c).

*Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.*

DECIDED FEBRUARY 4, 2013.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.
*John R. Bevis*, for Howard.