In the Supreme Court of Georgia

Decided:    October 6, 2014

S13Y1747.  IN THE MATTER OF WILLIAM S. VINCENT.

PER CURIAM.

In January 2007, Georgia lawyer William S. Vincent (State Bar No. 727801) was convicted of wire fraud upon a plea of guilty in the United States District Court for the District of South Carolina. Years later, the State Bar became aware of his conviction and commenced disciplinary proceedings. Vincent then filed a petition for voluntary discipline — six years after he was convicted — acknowledging his conviction, admitting that his conviction amounts to a violation of Georgia Rule of Professional Conduct 8.4 (a) (2), and agreeing to submit to a suspension of his license to practice law for a period of six to twelve months. We appointed Linda A. Klein as special master, and she recommends that we accept the petition for voluntary discipline and suspend Vincent from the practice of law for a period of six months.

According to the petition for voluntary discipline and the report of the special master, Vincent was admitted to the practice of law in Georgia in 1982.

Early in his career, Vincent served as counsel to Governor Joe Frank Harris, was employed as an associate at a large Atlanta law firm, and worked for the United States Government. He later moved to academia, teaching at several colleges and universities. Since joining academia, Vincent has maintained only a limited law practice, occasionally helping acquaintances on a pro bono basis and doing some estate planning and business law work.

In 2003, while employed as a teacher, Vincent offered to help a student find financing for a film project. As Vincent researched ways in which to raise capital for the project, he learned of an investment program that involved medium-term, high-yield notes. In his research, he did not learn anything unfavorable about this investment program, and he apparently believed that the program was a legitimate one. He agreed to present the investment program to potential investors. As it turned out, however, the investment program was a scam, and the potential investors to whom he presented it were agents of the Federal Bureau of Investigation. As a result of his presentation of the investment program, Vincent was charged with wire fraud. When Vincent was convicted, he was sentenced to probation for three years and ordered to pay a special assessment of $100, although his probation was terminated early after only

eleven months. Notably, at his plea hearing, the Assistant United States Attorney said:

> We believe that [Vincent and his co-defendant] both actually believed the investment was real, but had demonstrated willful blindness in not doing due diligence and also are guilty based upon their use of false statements to induce investment. This is particularly true as to Mr. Vincent, who is, in fact, a practicing attorney and an instructor in business courses at Mercer University, who with the least amount of research would have found numerous cases that demonstrate these programs to be fraudulent. There was no actual loss involved with their attempt to sell [the FBI agents] a program. And we have investigated and have found no evidence that either has ever obtained money from others in the past. We don't believe their intent was to cause any loss to anyone, so there was no intended loss for [sentencing] guideline calculations. Therefore, they are probation eligible. Judge, the danger with people like these defendants is that with their good credentials, people believe and rely on them and they wind up funneling investors to the real crooks who steal the money in these scams. Both defendants have been very cooperative since they were first arrested.

Vincent never notified the State Bar of his conviction and maintained his active membership in the State Bar, but he says that he voluntarily ceased practicing law immediately after his conviction and did not resume the practice of law until after his probation was terminated.

The special master found that Vincent violated Rule 8.4 (a) (2), but she also found a number of mitigating circumstances. Among other things, the

3

special master noted that Vincent has no other criminal record, that he has no history of prior discipline, that he appears not to have had a dishonest or selfish motive in promoting an investment program that he should have known (but did not know) was a scam to benefit a student, that no one was actually injured by his promotion of the investment program, that he cooperated with the FBI, that he cooperated with the State Bar after it learned of his conviction, and that he professes remorse for his wrongdoing. Based on the affidavits of several colleagues, clients, and acquaintances, the special master also found that Vincent appears generally to be "a man of veracity, integrity, loyalty, and dedication to good work."

We agree that a number of mitigating circumstances appear in this case, especially considering the statement of the federal prosecutor that Vincent apparently believed genuinely that the investment program he promoted was a legitimate one and that no person actually was harmed by his promotion. Nevertheless, we are concerned that Vincent did not report his conviction to the State Bar. Although he may have cooperated with the State Bar throughout the disciplinary proceedings, that does not change the fact that Vincent did nothing for nearly six years to advise the State Bar of his conviction, and he

"cooperated" only after the State Bar learned of his conviction on its own. Vincent claims that the sentencing judge indicated at the plea hearing that the judge would notify the State Bar, but we find nothing in the plea transcript to support that claim. And in any event, when a lawyer is convicted of a serious crime, it is *his* obligation to promptly apprise the State Bar of the conviction. See Ga. R. Prof. Conduct 9.1 (a) (2) (lawyer "shall, within sixty days, notify the State Bar of Georgia of . . . being convicted of any felony").

We accept the petition for voluntary discipline, but in light of the failure of Vincent to timely advise the State Bar of his conviction, we do not think that a suspension of only six months — five months less than the term of probation that Vincent actually served for his conviction — is appropriate. Accordingly, the Court directs that William S. Vincent be suspended from the practice of law in the State of Georgia for a period of twelve months, effective as of the date of this opinion. Vincent is reminded of his duties pursuant to Bar Rule 4-219 (c).

Twelve-month suspension. All the Justices concur.