In the Supreme Court of Georgia

Decided:    October 19, 2015

S15Y1555.IN THE MATTER OF SUSAN MICHELE BROWN.

PER CURIAM.

This disciplinary matter is before the court on the petition for voluntary discipline filed by Respondent Susan Michele Brown (State Bar No. 090043) before the issuance of a formal complaint, see Bar Rule 4-227 (b). Brown seeks the imposition of discipline for conduct involving two separate matters and although she requests a Review Panel reprimand, she agrees to accept a suspension of up to one year in length. In addition, Brown agrees to consult with the State Bar Law Practice Management Program and to follow its recommendations concerning her law practice. The State Bar has responded, indicating that while it does not oppose Brown's petition, it believes that a six-month suspension is an appropriate discipline given Brown's experience in the practice of law.

In her petition, Brown, who has been a member of the State Bar since

1997, admits that she represented the wife in a divorce action, that she was required to hold funds generated by the sale of property during the divorce in trust, and that, although she held the funds segregated from her own, she failed to do so within her trust account. She further admits that she delayed in distributing that portion of the funds that she held which were due to the husband at the conclusion of the divorce proceedings because her client wished to ensure that the husband fulfilled his responsibility to pay certain debts assigned to him prior to releasing the funds. The husband's subsequent contempt action was resolved by a consent order which required Brown to disburse the disputed funds to the husband's counsel to be held in trust until the husband complied with certain conditions. Brown promptly disbursed the amount of the disputed funds from her trust account, using money she deposited there that she had earned through fees charged to other clients. The check she used, however, failed to indicate that it was drawn on a trust account.

Brown also admits that another client engaged her on a contingency basis to represent him in an action against his employer based on his claims of assault and work place harassment. She admits that she failed to supplement her client's responses to the defendant's discovery requests and/or to respond to the

defendant's subsequent motion to compel those supplemental responses. As a result of her failures, her client's case was dismissed without prejudice. Brown tried unsuccessfully to contact her client about this development, but shortly thereafter she was contacted by another attorney who requested a copy of her client's file. Because the new attorney failed to state that he had been retained to represent the client, Brown notified her client and the attorney that she would need written indication that the client approved the release of his file. Ultimately, Brown provided a copy of the file directly to the client. Thereafter, Brown opened a dialogue with the client's new counsel and, less than six months after entry of the complained-of dismissal order, Brown negotiated a resolution pursuant to which her client was paid for the loss of his would-be claims against his employer.

Brown admits that, by her conduct in these two cases, she has violated Rules 1.15 (I) (a), 1.15 (II) (a), 1.15 (III) (b), 1.3 and 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 1.4 is a public reprimand, while the remaining violations can be punished by disbarment.

In mitigation, Brown asserts that she has no prior disciplinary history, that

3

she is very remorseful, and that she has fully cooperated with the State Bar during these disciplinary proceedings. Further, with regard to the divorce case, Brown accepts responsibility for her misconduct in the handling of funds that should have been placed in a trust account, but denies any dishonest or selfish motivation in that regard. She notes that any delay in disbursing the funds to the husband was an effort to protect her client and to comply with her client's refusal to authorize unrestricted disbursement of those funds. She further notes that once the parties agreed on the consent order, she promptly disbursed to the husband's attorney all funds due. With regard the employment case, Brown accepts responsibility for her lack of diligence, but offers in mitigation that after she filed the employment case, her elderly father became ill, and that her mistakes in that case were not the result of a dishonest or sinister motive, but of the personal and emotional distress she endured because of her father's illness and the logistics of assisting him in obtaining the necessary medical treatment. Brown has submitted three letters and two affidavits attesting to her good character, integrity, trustworthiness, professionalism, and competency.

In its response, the State Bar does not dispute Brown's recitation of the facts or of the mitigating factors, but states in aggravation that Brown has

substantial experience in the practice of law. The Bar suggests that the seriousness of the violations demands the imposition of a six-month suspension.

We have reviewed the record in this case and we agree to accept Brown's petition for voluntary discipline. Moreover, we believe that under the specific circumstances of this case, which include the fact that all persons who were harmed by Brown's actions have been made whole, a public reprimand, with conditions, is sufficient discipline to impose for Brown's admitted violations. See *In the Matter of Howard*, 292 Ga. 413, 414 (738 SE2d 89) (2013) (though no harm was done to clients with respect to an admitted violation of trust account rules, "even a technical violation should have public discipline so as to protect clients, courts, and the public"); compare *In the Matter of Francis*, 297 Ga. 282 (773 SE2d 280) (2015) (imposing only a Review Panel reprimand in a case in which the attorney permitted a co-mingling of personal and fiduciary funds into his trust account, but the evidence did not show, as in the case now before us, that funds belonging to others were wrongfully retained for a period of time). Accordingly, the Court hereby orders that Brown receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c) and that she consult with the Law Practice Management Section of the Bar within 60 days

5

after this Court's Order and follow its recommendations concerning her law practice.

Petition for voluntary discipline accepted. Public reprimand with conditions. All the Justices concur.