313 Ga. 112
FINAL COPY

S22Y0331. IN THE MATTER OF JUSTIN GREY WOODWARD.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent Justin Grey Woodward (State Bar No. 529774) before the issuance of a formal complaint. See Bar Rule 4-227 (b). Woodward seeks the imposition of discipline for conduct involving three separate matters, and he requests a State Disciplinary Review Board reprimand or a public reprimand. The State Bar has responded, indicating that it does not oppose Woodward's petition. We agree to accept the petition and impose a public reprimand.

With regard to State Disciplinary Board ("SDB") Docket No. 7421, Woodward, who has been licensed to practice law in Georgia since 2007, admits that a couple hired him in September 2014 to represent them in a dispute with their general contractor, who had placed a lien on their home; that the couple paid him for the

representation; that he filed a lawsuit on their behalf on July 20, 2015; that he failed to "timely or adequately" respond to the clients' requests for information and updates on their case; and that he failed to "adequately consult with [them] about the case and how to accomplish the objectives for which they retained [him]." According to Woodward, the case was tried in April 2018, and a judgment was entered against his clients for approximately $51,000 plus interest and costs. After the trial, the clients contacted Woodward several times to discuss how best to proceed, but Woodward admits that he failed to "timely and adequately respond" to their requests.

With regard to SDB Docket Nos. 7422 and 7423, Woodward admits that, at all relevant times, he maintained an IOLTA trust account; that on July 23, 2018, when implementing a one-time transfer of $500 in earned fees from that account into his operating account, he "inadvertently set the transfer to be a recurring weekly transfer"; that the following week, the inadvertent recurring transfer caused an overdraft in his trust account; and that he later deposited money to resolve the overdraft. The following year, in

April 2019, a check was presented for payment against his trust account, but the account balance was insufficient to cover the check. With regard to the 2019 incident, Woodward asserts that he "believed that [a] PayPal transaction payment from the client had already processed," whereas the "PayPal transaction did not process until after the check was presented." Woodward once again deposited funds into the trust account to resolve the overdraft.

Based on those facts, Woodward admits that, in SDB Docket No. 7421, he violated Rules 1.2 (a) and 1.4 of the Georgia Rules of Professional Conduct.[1] He explains that, during his representation of those clients, he was "called away for military obligations," which caused some delays in the trial. Nevertheless, he admits that his communication with his clients "should have been more frequent

[1] Rule 1.2 (a) provides, in relevant part, that "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued."
Rule 1.4 provides, in relevant part, that "a lawyer shall . . . reasonably consult with the client about the means by which the client's objectives are to be accomplished"; "keep the client reasonably informed about the status of the matter"; and "promptly comply with reasonable requests for information[.]"

and thorough," and he asserts that, in an effort to rectify any harm he caused, he has refunded to the clients half of the attorney fees they paid to him, less the costs for filing and serving process in the case.

With regard to SDB Docket Nos. 7422 and 7423, Woodward admits that he violated Rules 1.15 (I) (a) and 1.15 (II) (b).[2] He explains that both of these transactions involved "payment systems [that he] was not as competent in as [he] should have been"; that he

---

[2] Rule 1.15 (I) (a) provides, in relevant part, that "[a] lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds or other property."

Rule 1.15 (II) (b) provides:

> No personal funds shall ever be deposited in a lawyer's trust account, except that unearned attorney's fees may be so held until the same are earned. Sufficient personal funds of the lawyer may be kept in the trust account to cover maintenance fees such as service charges on the account. Records on such trust accounts shall be so kept and maintained as to reflect at all times the exact balance held for each client or third person. No funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account except earned lawyer's fees debited against the account of a specific client and recorded as such.

"immediately" sought to rectify the overdrafts in his trust account; and that he has instituted new procedures to ensure more reliability in those types of transactions. Woodward also states that, in 2019, he was assisting with the care of his father, who was hospitalized for several months in Florida and Puerto Rico, and while those circumstances did not excuse his actions, "they did take away from [his] attentiveness during that period."

Woodward acknowledges that the maximum penalty for a single violation of Rules 1.2, 1.15 (I) (a), and 1.15 (II) (b) is disbarment.[3] Citing Standard 9.32 of the American Bar Association's Standards for Imposing Lawyer Sanctions ("ABA Standards"), however, Woodward asserts in mitigation that he lacked a selfish or dishonest motive, is remorseful, and has no prior disciplinary record in Georgia. See *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996) (stating that this Court looks to the ABA Standards for guidance in determining appropriate

---

[3] The maximum penalty for a violation of Rule 1.4 is a public reprimand.

disciplinary sanction). At the same time, Woodward admits that, on April 11, 2019, he received a "Public Censure from the Board of Professional Responsibility of the Tennessee Supreme Court for violations of Rule 1.7 (a) (2)"[4] and that the discipline imposed by Tennessee may be considered in aggravation of discipline to be imposed in this proceeding. See Bar Rule 9.4 (b) (6). Finally, Woodward generally asserts that he is currently deployed abroad as part of his military service; that he has "proudly served" in the Army for 23 years; that he "overwhelmingly" has been able to "manage the demands of the military with [his] law practice"; that he

---

[4] Woodward does not provide a record of his disciplinary proceedings in Tennessee. Rule 1.7 (a) (2) of the Tennessee Rules of Professional Conduct provides, in relevant part:

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

The analogous rule in Georgia is Rule 1.7 (a), which provides, in relevant part:

> A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client . . . .

understands the "seriousness of this situation"; and that he will "take steps to improve [his] ability to meet the demands of both the military and the legal profession."[5]

In its response, the State Bar does not dispute Woodward's recitation of the facts and agrees that a reprimand is generally appropriate where, as here, a lawyer is "negligent and does not act with reasonable diligence in representing a client." ABA Standard 4.43. The Bar argues that the relevant mitigating factors in this case are Woodward's lack of a dishonest or selfish motive, his "[p]ersonal or emotional problems," his timely and good-faith effort to make restitution or rectify the consequences of the misconduct, his cooperative attitude toward the disciplinary proceedings, and his remorse. See ABA Standard 9.32 (b), (c), (d), (e), and (l). The Bar identifies the following factors in aggravation of discipline: Woodward's prior disciplinary offense (the "Public Censure" in

---

[5] In this regard, we note that although Woodward has represented that he has instituted new procedures to ensure that his trust account is managed appropriately, we encourage Woodward to seek additional education or instruction to ensure that he manages such accounts consistent with the Georgia Rules of Professional Conduct.

Tennessee), the fact that he committed multiple offenses, and his substantial experience in the practice of law. See ABA Standard 9.22 (a), (d), and (i).

We have reviewed the record in this case, and we agree to accept Woodward's petition for voluntary discipline. Our conclusion likely would have been different if there was any evidence of additional violations or misconduct on Woodward's part, but given the specific circumstances of this case, we believe that a public reprimand is an adequate discipline to impose. See *In the Matter of Davis*, 306 Ga. 381 (830 SE2d 734) (2019) (public reprimand for violations of Rules 4.1, 8.4, and 1.15); *In the Matter of Brown*, 297 Ga. 865 (778 SE2d 790) (2015) (public reprimand with conditions for violations of Rules 1.3, 1.4, and 1.15); *In the Matter of Howard*, 292 Ga. 413 (738 SE2d 89) (2013) (public reprimand for lawyer's "technical" violations of Rule 1.15 (II), where no harm was done to clients). Accordingly, we hereby order that Woodward receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c).

*Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.*

Decided January 19, 2022.

Public reprimand.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.