NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: October 11, 2023

S23Y0635. IN THE MATTER OF DAVID CARLETON HEAD.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking a public reprimand for David Carleton Head (State Bar No. 341467), based on his abandonment of a client. According to the Bar's notice of service, Head, who has been a member of the Bar since 1990, was served personally with the Notice of Discipline. However, Head failed to file a Notice of Rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b). However, because the Bar fails to describe several instances of prior discipline that Head received, and that the Bar cites as aggravating factors, we reject the Notice of Discipline.

The facts, deemed admitted by Head's default, are as follows. In June 2020, Head agreed to represent a client in a criminal matter. Head received a fee of $1,500 from the client, filed a motion for bond on the client's behalf, and represented the client at two bond hearings. Head's representation of the client ended on June 1, 2021, but despite being informed by the client that the client would be unable to obtain the services of a public defender until Head withdrew, Head failed to take any action to effectuate such a withdrawal until December 8, 2021. Head also failed to respond to numerous requests between June 1, 2021 and December 8, 2021 for updates regarding whether he had moved to withdraw. The client was finally able to obtain the services of a public defender on January 14, 2022.

The Bar has alleged that, by his misconduct, Head violated the following provisions of the Georgia Rules of Professional Conduct ("GRPC"): (1) Rule 1.3,[1] by failing to timely withdraw when his

---

[1] Rule 1.3 requires that an attorney "act with reasonable diligence and promptness in representing a client." The maximum sanction for a single violation of this Rule is disbarment.

representation was terminated by the client; (2) Rule 1.4 (a) (4),[2] by failing to respond to numerous requests by the client for information regarding whether Head had withdrawn; and (3) Rules 1.16 (a) (3),[3] 1.16 (c),[4] and 1.16 (d),[5] by failing to timely withdraw after the client had informed Head that withdrawal was necessary in order for the client to be able to obtain the services of a public defender. The Bar then stated that Head had been subject to discipline on three prior occasions, receiving Investigative Panel reprimands on April 13, 2007, and August 15, 2008, and a letter of admonition on August 6, 2009.

---

[2] Rule 1.4 (a) (4) requires that an attorney "promptly comply with reasonable requests for information." The maximum sanction for a single violation of this Rule is a public reprimand.

[3] Rule 1.16 (a) (3) requires that an attorney withdraw from the representation of a client if the attorney is discharged. The maximum sanction for a single violation of this Rule is a public reprimand.

[4] Rule 1.16 (c) requires that, "[w]hen a lawyer withdraws it shall be done in compliance with applicable laws and rules." The maximum sanction for a single violation of this Rule is a public reprimand.

[5] Rules 1.16 (d) requires that, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests." The maximum sanction for a single violation of this Rule is a public reprimand.

Moving to the guidance provided by the ABA Standards in assessing the appropriate level of discipline, the Bar stated that, under ABA Standard 4.43, a reprimand is the presumptively appropriate sanction where a lawyer has been negligent, has not acted with reasonable diligence in representing a client, and causes injury or potential injury. The Bar asserted that Head had been negligent in failing to promptly move to withdraw, which caused a delay in the client's ability to obtain the services of a public defender, and had failed to act with reasonable diligence in failing to respond to the client's requests for information regarding the withdrawal. Under ABA Standard 7.3, a reprimand is the presumptively appropriate sanction where a lawyer has negligently engaged in conduct that violates his duties as a professional, and which has caused injury or potential injury to a client, the public, or the legal system. As for this Standard, the Bar again noted that Head acted negligently in failing to timely withdraw, which caused a delay in the client's ability to obtain the services of a public defender. The Bar concluded that two aggravating factors were present: that Head

4

has substantial experience in the practice of law, see ABA Standard 9.22 (i), and that Head had previously been subject to discipline, see ABA Standard 9.22 (a).The Bar concluded that no mitigating factors were applicable and recommended that Head receive a public reprimand, citing several cases in support of such a level of discipline. See *In the Matter of Fisher*, 311 Ga. 77 (855 SE2d 640) (2021); *In the Matter of Woodward*, 313 Ga. 112 (868 SE2d 231) (2022); *In the Matter of Robinson*, 288 Ga. 30 (701 SE2d 142) (2010).

Despite Head's default, we conclude that it would not be appropriate to move forward with the sanction recommended by the Bar. Unfortunately, it is not clear from the Bar's filing how aggravating Head's prior disciplinary offenses should be, as the Bar has provided no information regarding the misconduct that led to the three cited prior instances of discipline imposed on Head. Because we lack that information, we cannot determine to what extent these prior disciplinary matters should be aggravating as to the appropriate level of discipline to be imposed here.

Under Rule 4-208.1, we may decline to impose discipline that varies from the Bar's recommendation, and we may instead reject the Bar's Notice of Discipline. See *In the Matter of Wadsworth*, 307 Ga. 311 (835 SE2d 632) (2019). Considering these precedents, and given the state of the record before us, we reject the Notice of Discipline. In doing so, we advise the Bar that any future attempts to resolve Head's disciplinary matter should provide adequate context to his previous disciplinary proceedings to allow for an assessment of their impact on this matter, if any. Additionally, we caution the Bar that, despite Head's default, should the Bar seek to impose a more serious sanction on Head than the one sought here, he should be given a renewed opportunity to respond to any such filing by the Bar.

*Notice of Discipline rejected. All the Justices concur.*