NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: July 16, 2024

S24Y0534. IN THE MATTER OF CHRISTOPHER TYSON.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent Christopher Tyson (State Bar No. 142208) before the issuance of a formal complaint. See Bar Rule 4-227 (b) (2). Tyson admits to conduct in violation of Rules 1.15 (I) (a), 1.15 (I) (b), 1.15 (I) (c), and 1.15 (II) (b) of the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule 4-102 (d). The maximum penalty for a violation of these rules is disbarment. Tyson requests a six-month suspension, and the State Bar, through its response, supports Tyson's request. However, for the reasons explained below, we decline to accept Tyson's petition.

Tyson admits that he represented a client in a personal injury matter arising out of a vehicle accident in December 2018 and that he settled the client's case in November 2020 for $6,300. Upon receiving

the settlement check, Tyson deposited the check into his IOLTA account. Tyson notified the client of the receipt of funds, but he did not notify a chiropractor from whom the client sought treatment and who had an interest in any settlement funds resulting from the case. Tyson paid an ERISA lien for medical benefits on behalf of the client but did not promptly disburse the settlement funds owed to the client or the chiropractor, did not maintain sufficient funds in his IOLTA account, and used those funds for personal expenses. Tyson, who was admitted to practice law in 1996, claims in an affidavit that he eventually stopped practicing in June 2021, at which time he relocated to Louisiana. Since July 2022, Tyson has been administratively suspended from the State Bar of Georgia for failing to pay his license fees.

In his representation of the client, Tyson admits to violating Rule 1.15 (I) (a) by failing to safeguard the settlement funds owed to the client and the chiropractor in his IOLTA account; Rule 1.15 (I) (b) by disregarding the chiropractor's interest in the funds from the settlement; Rule 1.15 (I) (c) by failing to promptly notify the

2

chiropractor of the receipt of the settlement and failing to promptly disburse the funds owed to the client and the chiropractor; and Rule 1.15 (II) (b) by withdrawing from the IOLTA account unearned funds for personal use.

Tyson submits the following factors in mitigation of discipline: he has made restitution to the client and the chiropractor; he has fully and completely cooperated in this disciplinary matter; he has expressed remorse by submitting this petition and agreeing to be held responsible for his wrongdoing; and, though he has a disciplinary history, his prior discipline is remote and for unrelated conduct. See ABA Standard 9.22 (d), (e), (l), & (m).

In support of his purported restitution, Tyson includes with his petition a copy of two $2,100 checks made out to the client and the chiropractor. See Pet. Exh. A. The checks are dated June 22, 2023 — almost three years from the date on which Tyson received the settlement. Neither the petition nor response explains how a 2023 payment of $4,200 constitutes restitution for Tyson improperly managing $6,300 in 2020, and there is nothing in the record indicating

3

whether the client and the chiropractor agree that these checks constitute full restitution and whether they feel that they have been made whole.

Tyson requests a six-month suspension from the practice of law. The State Bar does not dispute Tyson's admissions of fact, admissions of rules violations, or the mitigating factors set forth in his petition. The State Bar supports Tyson's six-month suspension with the condition that he follow the procedures in Bar Rule 1-501 (b) to lift his administrative suspension before returning to the practice of law.

While the State Bar acknowledges that the maximum penalty for violations of the trust account rules is disbarment, it notes that when the totality of the circumstances supports less severe discipline, this Court has imposed suspensions or even reprimands. See, e.g., *In the Matter of Coggins*, 314 Ga. 813 (2022) (accepting petition for voluntary discipline requesting six-month suspension for lawyer who violated Rules 1.15 (I) (a) and (b) and 1.15 (II) (a), (b), and (c) by disregarding third-party's interest in funds, commingling client and personal funds, and using client funds to support his other business interests); *In the*

*Matter of Mathis*, 312 Ga. 626 (2021) (accepting petition for voluntary discipline requesting public reprimand for lawyer who mismanaged trust account resulting in insufficient balance). Further, the State Bar maintains that the Court has previously imposed a six-month suspension for similar rule violations both where similar mitigating and aggravating circumstances are present and even where there are no mitigating circumstances. See, e.g., *Coggins*, supra; *In the Matter of Summers*, 278 Ga. 57 (2004) (accepting petition for voluntary discipline requesting six-month suspension for attorney who held client funds in IOLTA account for over four years, during which time the account at times contained insufficient funds to cover the obligation).

However, while we do have precedents accepting a petition for voluntary discipline requesting a six-month suspension for intentionally violating Rules 1.15 (I) and 1.15 (II), a six-month suspension is generally not sufficient when the conduct involves improperly converting client funds for personal use — even where the attorney has provided restitution. A longer suspension would be more

appropriate in those circumstances. See, e.g., *In the Matter of Veach,* 310 Ga. 470 (2020) (accepting petition for voluntary discipline requesting 18-month suspension where attorney failed to properly disburse funds and removed estate funds from his IOLTA account for personal use); *In the Matter of Morgan,* 303 Ga. 678 (2018) (accepting petition for voluntary discipline requesting two-year suspension with conditions where attorney withdrew funds from client's estate and deposited it for personal use); *In the Matter of Saunders,* 304 Ga. 824 (2018) (accepting petition for voluntary discipline requesting 12-month suspension where attorney converted client funds for her own personal use). And in *In the Matter of Hine,* 314 Ga. 70 (2022), the Court rejected a petition for voluntary discipline requesting a six-month suspension where the attorney failed to properly communicate with his client and converted estate funds for his personal use, even where the attorney repaid his clients and had no prior disciplinary history. See 314 Ga. at 76.[1]

---

[1] However, in *Hine*, the attorney converted an amount substantially larger than the settlement here and neglected to address in the petition the fact that he significantly overcharged the estate's beneficiaries. See 314 Ga. at 75-76.

Accordingly, for Tyson, we conclude that a six-month suspension is insufficient — even if he made full restitution. But he has not even shown that he has done that. Rather, Tyson has provided little detail on restitution. There has been no affirmative showing of restitution having been completely paid. Tyson merely attaches two checks from 2023 equaling an amount less than the $6,300 at issue, and neither he nor the State Bar provides any detail or response from the client or the chiropractor on whether these checks constitute full restitution for Tyson's 2020 conduct.

Further, the petition does not fully consider Tyson's disciplinary history. According to the State Bar, in 2013, Tyson received an Investigative Panel Reprimand for his violations of Rules 1.1 (lawyer shall provide competent representation to a client) and 1.16 (d) (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect client's interests). The State Bar contends that the 2013 sanction was "remote" and "for unrelated conduct," but our precedents approving six-month suspensions typically do not involve attorneys with such disciplinary history. See

7

*Coggins*, supra (noting lawyer's lack of disciplinary history when accepting request for a six-month suspension).

We believe a longer suspension is more appropriate based on the facts before us. Even if Tyson made full restitution, six months is insufficient considering the nature of his conduct and his disciplinary history. However, we are unable to determine the more appropriate discipline here without further information on Tyson's purported restitution. And regardless, "it has been the Court's practice to reject a petition in such circumstances rather than to impose a more stringent discipline than that requested by the petitioner." *Veach*, 310 Ga. at 472. We therefore reject Tyson's petition for voluntary discipline.

*Petition for voluntary discipline rejected. All the Justices concur.*