**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: October 15, 2024

S23Y0879. IN THE MATTER OF WILLIAM SLATER VINCENT.

PER CURIAM.

This disciplinary matter is before the Court on William Slater Vincent's (State Bar No. 727801) second amended petition for voluntary discipline filed before the issuance of a formal complaint. See Bar Rule 4-227 (b).[1] In his second amended petition, Vincent[2] admits that he violated Rules 1.15 (II) (a)[3] and 1.15 (III) (b)[4] of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum penalty for a violation of either rule is disbarment.

---

[1] Where relevant, Vincent incorporates by reference his initial and first amended petitions for voluntary discipline.

[2] Vincent has been a member of the Georgia Bar since 1982.

[3] The rule provides in relevant part: "All funds held by a lawyer for a client and all funds held by a lawyer in any other fiduciary capacity shall be deposited in and administered from a trust account."

[4] "Lawyer shall designate all trust accounts, whether general or specific, as well as all deposit slips and checks drawn thereon, as an 'Attorney Trust Account,' 'Attorney Escrow Account' 'IOLTA Account' or 'Attorney Fiduciary Account.' The name of the attorney or law firm responsible for the account shall also appear on all deposit slips and checks drawn thereon."

1. *Vincent's Admissions.*

Vincent admits that he violated Rule 1.15 (II) (a) "on three discrete occasions when he failed to deposit advance payments of recording fees and fees for publication of notices into his IOLTA account or an attorney trust account." Vincent avers that the conduct at issue occurred when he received certain checks from clients comprised of both (1) earned funds for legal services already rendered and (2) funds advanced to him to pay recording and publication-notice fees. Instead of separating the payments or asking for separate checks, Vincent deposited the checks comprised of both fund categories into his operating account. Vincent admits that he should have taken the additional step of depositing the advance payment for the publication and filing fees into his attorney trust account and then issued the checks to the relevant entities from that account.

Separately, Vincent admits that he violated Rule 1.15 (III) (b) by "failing to ensure that his Business Checking Preferred account . . . had a description which complied with" Rule 1.15 (III) (b) by

identifying it as an "Attorney Trust Account" on statements, checks, and deposit slips. Vincent admits that he failed to take notice that the account identification violated Rule 1.15 (III) (b).

Looking to the American Bar Association's Standards for Imposing Lawyer Sanctions ("ABA Standards"), see *In the Matter of McCalep*, 318 Ga. 260, 262 (897 SE2d 846) (2024), Vincent notes that the ethical duty he violated was his duty to the profession. In addition, Vincent states that his conduct was attributable to negligence, see ABA Standard 7.3 (explaining that reprimand is generally appropriate when a lawyer negligently engaged in conduct that is a violation of a duty owed as a professional and causes potential injury to a client, the public, or the legal system), and notes that ABA Standard 4.14 provides that admonition is generally appropriate when a lawyer is negligent in dealing with client property and causes little or no actual or potential injury to a client.

In aggravation, Vincent admits that he received prior discipline, see ABA Standard 9.22 (a) and *In the Matter of Vincent*, 295 Ga. 766, 768 (764 SE2d 133) (2014) (accepting Vincent's petition

for voluntary discipline admitting a violation of Rule 8.4 (a) (2) and imposing a 12-month suspension based on Vincent's 2007 guilty plea to one count of wire fraud and failing to timely report the conviction to the State Bar), and that he has substantial experience in the practice of law, having been admitted to the State Bar in 1982 (although he claims he has never engaged full-time in the practice of law), see ABA Standard 9.22 (i). In mitigation, Vincent notes that he lacked a dishonest or selfish motive in the conduct at issue, see ABA Standard 9.32 (b); he provided a full and free disclosure to the disciplinary board and displayed a cooperative attitude toward the proceedings, see ABA Standard 9.32 (e); he has a good character and reputation, see ABA Standard 9.32 (g); he showed remorse, see ABA Standard 9.32 (l); and his prior offense was remote in time, see ABA Standard 9.32 (m).

Vincent requests that the Court impose discipline in the range of a public reprimand to a suspension of one to three months. See *In the Matter of Brown*, 297 Ga. 865, 867 (778 SE2d 790) (2015) (accepting petition for voluntary discipline with conditions for

violations of trust account rules where all persons harmed by attorney were made whole and there were mitigating circumstances); *In the Matter of Francis*, 297 Ga. 282, 283 (773 SE2d 280) (2015) (accepting petition for voluntary discipline and imposing a review panel reprimand where attorney permitted a comingling of personal and fiduciary funds into his trust account, but the evidence did not show that funds belonging to others were wrongfully retained for a period of time). Vincent notes that the mitigating factors present in his case far outweigh the aggravating factors. Moreover, he asserts that the proposed discipline will assure the Court and the State Bar that the public will be protected and will assure the public that the profession has appropriately addressed his conduct. Finally, he states that his conduct does not show that he is unfit to practice as an attorney nor does it warrant a significant suspension.

2. *State Bar's Response.*

The State Bar supports Vincent's second amended petition. However, the State Bar alleges—without elaboration—that

Vincent's "violations are more than a 'technical violation,'" so a public reprimand—the minimum punishment for violating trust account rules—is not appropriate. Rather, the State Bar contends that a three-month suspension is more appropriate under these circumstances considering that Vincent's background presents numerous aggravating factors, including prior discipline, see *Vincent*, 295 Ga. at 766; substantial experience in the practice of law; and evidence of a pattern of misconduct and multiple offenses. See ABA Standard 9.22 (c) and (d). See also *In the Matter of Howard*, 292 Ga. 413, 414 (783 SE2d 89) (2013) (explaining that "a trust account is a high honor and privilege afforded to a member of the Bar, so even a technical violation should have public discipline so as to protect clients, courts, and the public"). Moreover, the State Bar argues that the cases Vincent cites in support of a public reprimand do not involve lawyers such as Vincent with prior discipline due to a felony conviction combined with a failure to report that conviction to the State Bar. See *In the Matter of Tyson*, __ Ga. __, __ (904 SE2d 503, 505) (2024) (rejecting petition for voluntary discipline in part

because the Court's "precedents approving six-month suspensions typically [did] not involve attorneys with [such] disciplinary history").

3. *Analysis and Conclusion.*

Having reviewed the record and this Court's precedent, we conclude—under the unique circumstances presented by this case—that a public reprimand is appropriate. See *In the Matter of Cook*; 311 Ga. 206, 218-219 (857 SE2d 212) (2021) (concluding that under totality of circumstances, public reprimand was appropriate where attorney violated Rules 1.15 (I) (a), 1.15 (II) (a) and (b); "evidence did not prove that [attorney] acted dishonestly, intentionally, or maliciously"; mitigating factors outweighed aggravating factors); *In the Matter of Davis*, 306 Ga. 381, 382-383 (830 SE2d 734) (2019) (accepting petition for voluntary discipline and imposing a public reprimand where attorney violated Rules 1.15 (I) (a) and 1.15 (II) (b) based on improper use of trust account; trust account violations were negligent but unintentional; attorney had no prior disciplinary history but did have substantial experience in the practice of law);

7

*Brown*, 297 Ga. at 867; *Howard*, 292 Ga. at 414 (accepting petition for voluntary discipline and imposing a public reprimand for an admitted violation of trust account rules because "a trust account is a high honor and privilege afforded to a member of the Bar, so even a technical violation should have public discipline so as to protect clients, courts, and the public"; attorney alerted Bar to the error and immediately changed his firm's account practice to ensure no other violations occurred). Cf. also *In the Matter of Johnson*, 302 Ga. 865, 866 (809 SE2d 797) (2018) (accepting petition for voluntary discipline and imposing a six-month suspension where the petitioner "suggest[ed] that the appropriate discipline in his case should fall somewhere in a range between a suspension for one month and a suspension for one year, although he request[ed] a suspension of no more than three months[,]" and the State Bar recommend[ed] a suspension of one year"); *In the Matter of Duncan*, 301 Ga. 898, 901 (804 SE2d 342) (2017) (accepting a petition for voluntary discipline and imposing a six-month suspension with conditions where the petitioner "request[ed] that the Court suspend

him for a period between six to twelve months" and the State Bar "urge[ed] that the Court accept [the] petition so long as it impose[d] a suspension of six to twelve months"). Although Vincent was disciplined in 2014 based on a conviction for wire fraud, that offense is remote in time. *Vincent*, 295 Ga. at 766. See also *In the Matter of Levine*, 303 Ga. 284, 287 (811 SE2d 349) (2018) (noting that nearly 10-year-old prior offense—the attorney's "sole prior disciplinary offense"—was not considered in aggravation because it was remote in time). Consequently, we accept the second amended petition for voluntary discipline and direct that William Slater Vincent receive a public reprimand in open court in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c) for his admitted violation of Rules 1.15 (II) (a) and 1.15 (III) (b).

*Petition for Voluntary Discipline Accepted. Public Reprimand. All the Justices concur.*