**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: February 18, 2025

S25Y0162. IN THE MATTER OF CHRISTOPHER TYSON.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline, which Respondent Christopher Tyson (State Bar No. 142208) filed before the issuance of a formal complaint, see Bar Rule 4-227 (b) (2), but after this Court rejected his earlier petition for voluntary discipline. See *In the Matter of Tyson*, 319 Ga. 527 (904 SE2d 503) (2024) ("*Tyson I*"). Tyson admits to conduct in violation of Rules 1.15 (I) (a), 1.15 (I) (b), 1.15 (I) (c), and 1.15 (II) (b) of the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule 4-102 (d). The maximum penalty for a violation of these rules is disbarment. Tyson requests a one-to-two-year suspension contingent upon his restitution of $872.53 in attorney fees to his former client. The State Bar, through its response, supports Tyson's request, and we agree to accept a two-year suspension.

As set forth in *Tyson I*:

Tyson admits that he represented a client in a personal injury matter arising out of a vehicle accident in December 2018 and that he settled the client's case in November 2020 for $6,300. Upon receiving the settlement check, Tyson deposited the check into his IOLTA account. Tyson notified the client of the receipt of funds, but he did not notify a chiropractor from whom the client sought treatment and who had an interest in any settlement funds resulting from the case. Tyson paid an ERISA lien for medical benefits on behalf of the client but did not promptly disburse the settlement funds owed to the client or the chiropractor, did not maintain sufficient funds in his IOLTA account, and used those funds for personal expenses. Tyson, who was admitted to practice law in 1996, claims in an affidavit that he eventually stopped practicing in June 2021, at which time he relocated to Louisiana. Since July 2022, Tyson has been administratively suspended from the State Bar of Georgia for failing to pay his license fees.

*Tyson I*, 319 Ga. at 528.

In *Tyson I*, Tyson sought a six-month suspension, which we rejected on the basis that Tyson failed to show that he had made full restitution to the interested parties. Id. at 530. However, even if he had made full restitution, we concluded that a six-month suspension was insufficient based on the facts of the case and in consideration of his prior disciplinary history in which he had received an Investigative Panel Reprimand in 2013 based on his violations for

Rules 1.1 and 1.16 (d). Id. Although not admitted in *Tyson I*, Tyson now admits that, of the $6,300 settlement, he paid $1,227.47 to satisfy the ERISA lien, $2,100 to the client, and $2,100 to the chiropractor. Tyson includes with his petition a copy of a check for $1,227.47 that was used to satisfy the ERISA lien, a copy of a $2,100 check made out to the client, a copy of a $2,100 check made out to the chiropractor, and correspondence from the chiropractor stating that he is satisfied with his portion of the proceeds from the settlement. Tyson admits that he disbursed the remaining $872.53 to himself for his attorney fees.

In his representation of the client, Tyson admits to violating Rule 1.15 (I) (a)[1] by failing to safeguard the settlement funds owed to the client and the chiropractor in his IOLTA account; Rule 1.15 (I) (b)[2] by disregarding the chiropractor's interest in the funds from

---

[1] Rule 1.15 (I) (a) provides in relevant part that "[a] lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds or other property."

[2] Rule 1.15 (I) (b) provides in relevant part that "a lawyer may not disregard a third person's interest in funds or other property in the lawyer's possession."

3

the settlement; Rule 1.15 (I) (c)[3] by failing to promptly notify the chiropractor of the receipt of the settlement and failing to promptly disburse the funds owed to the client and the chiropractor; and Rule 1.15 (II) (b)[4] by withdrawing from the IOLTA account unearned funds for personal use.

Tyson submits the following factors in mitigation of discipline: he has made partial restitution to the client and full restitution to the chiropractor; he has fully and completely cooperated in this disciplinary matter; he has expressed remorse by submitting this petition and agreeing to be held responsible for his wrongdoing; and, though he has a disciplinary history, his prior discipline is remote and for unrelated conduct. See ABA Standard 9.32 (d), (e), (l), & (m).

---

[3] Rule 1.15 (I) (c) provides that "[u]pon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

[4] Rule 1.15 (II) (b) provides in relevant part that "[n]o funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account except earned lawyer's fees debited against the account of a specific client and recorded as such."

Tyson requests a one-to-two-year suspension with his reinstatement contingent upon payment of $872.53 to his client. The State Bar does not dispute Tyson's admissions of fact, admissions of rule violations, or the mitigating factors set forth in his petition. The State Bar supports Tyson's one-to-two-year suspension contingent upon repayment of his attorney fees and the requirements imposed upon him by Bar Rule 1-501 (b) to lift his administrative suspension before returning to the practice of law.

We have reviewed the record and agree to accept Tyson's amended petition for voluntary discipline. A two-year suspension is appropriate and is consistent with the sanctions imposed in similar cases involving the misuse of client funds. See *In the Matter of Morgan*, 303 Ga. 678 (814 SE2d 394) (2018) (accepting petition for voluntary discipline requesting two-year suspension with conditions where attorney withdrew funds from client's estate and deposited them for personal use); *In the Matter of Braziel*, 318 Ga. 389 (898 SE2d 458) (2024) (two-year suspension for attorney with prior discipline who violated Rules 1.15 (I) (b), 1.15 (I) (c), and 4.1).

5

Accordingly, it is hereby ordered that Christopher Tyson is suspended from the practice of law in this State for a period of two years from the date of this opinion, with reinstatement conditioned on Tyson providing restitution totaling $872.53 to his former client and successful completion of the terms and conditions set forth in Bar Rule 1-501 (b) to lift his administrative suspension. At the conclusion of the two-year suspension, Tyson may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has met the conditions on reinstatement. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Tyson is reminded of his duties under Bar Rule 4-219 (b).

*Petition for voluntary discipline accepted. Two-year suspension with conditions. All the Justices concur.*